Rafael Arnoldo CASTILLO–
MANZANAREZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 94–70606.

United States Court of Appeals,
Ninth Circuit.

Submitted * July 10, 1995.

Decided Sept. 12, 1995.

Paula J. Solorio, Law Offices of Nancy A. Fellom, San Francisco, CA, for petitioner.

Keisha Dawn Bell, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Before: HALL, WIGGINS, and LEAVY, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Petitioner Rafael Arnoldo Castillo–Manzanarez, a native and citizen of Nicaragua, petitions for review of the Board Immigration

---

* This panel unanimously agrees that this case is appropriate for submission without oral argument.   Fed.R.App.P. 34(a);   9th Cir.R. 34–4.

Appeals' (BIA) summary dismissal of his appeal from a deportation order denying him asylum and withholding of deportation. Petitioner argues that the BIA erroneously concluded that his Notice of Appeal was not sufficiently specific and that the dismissal procedures used by the BIA in this case violated his due process rights. We have jurisdiction over this timely appeal pursuant to 8 U.S.C. § 1105a(a) and we reverse.

## I

Petitioner entered the United States without inspection on July 23, 1985 in violation of 8 U.S.C. § 1251(a)(2) (1982) (currently codified at 8 U.S.C. § 1251(a)(1)(B) (1994)). On May 9, 1989, the Immigration and Naturalization Service (INS) issued an Order to Show Cause why Petitioner should not be deported. At the deportation hearing before the Immigration Judge (IJ), Petitioner conceded deportability, but argued that he was entitled to asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). After a hearing on the merits, the IJ concluded that because the only fear articulated by Petitioner was that of legitimate prosecution for refusing to serve in the Nicaraguan military, the evidence did not demonstrate a well-founded fear of persecution.

On May 9, 1990, Petitioner's counsel timely filed a Notice of Appeal (Form EOIR–26) with the BIA, listing the reasons for the appeal as follows:

(a) Denial of political asylum not supported by substantial evidence.

(b) Applicant met burden of proof, showed a well-founded fear of persecution.

(c) Court created nonexistent conflicts in the evidence.

(d) Court drew incorrect/unreasonable conclusions from the testimony.

(e) Other errors of law and fact were made which will be fully cited and briefed upon receipt of transcript of hearing.

Petitioner also checked a box on the form indicating that he would file a separate written brief or statement, but no brief was ever submitted.

On June 30, 1994, the BIA summarily dismissed Petitioner's appeal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i)(A),[1] reasoning that his Notice of Appeal was "insufficient to apprise the Board of which aspects of the immigration judge's decision [were] considered incorrect and for what reason," and that Petitioner had failed to file a brief on appeal despite his indication that he would do so.

On September 8, 1994, Petitioner filed a motion to reopen deportation proceedings, which he later withdrew. He also sought a stay of deportation, but the BIA denied his request on September 12, 1994. Castillo–Manzanarez then timely petitioned for review of the BIA's summary dismissal of his appeal, arguing (1) that his Notice of Appeal was sufficiently specific and (2) that, in any event, the BIA's summary dismissal procedures violated his due process rights. We consider each argument in turn.

## II

■ Although we have recognized that other circuits have employed an abuse of discretion standard in reviewing the BIA's decision to summarily dismiss an appeal for lack of specificity, see *Padilla–Agustin v. I.N.S.*, 21 F.3d 970, 973 (9th Cir.1994) (citing *Townsend v. I.N.S.*, 799 F.2d 179, 182 (5th Cir.1986) (per curiam)), this court has never clearly articulated the proper standard of review, choosing instead to "analyze[ ] whether such summary dismissals are 'appropriate.'" *Toquero v. I.N.S.*, 956 F.2d 193, 194 (9th Cir.1992) (quoting *Martinez–Zelaya v. I.N.S.*, 841 F.2d 294, 295 (9th Cir.1988)). Because we conclude that the BIA's decision cannot withstand scrutiny under either an abuse of discretion or a *de novo* standard, we do not now decide the applicable standard of review.

### A

The BIA interprets 8 C.F.R. § 3.1(d)(1–a)(i)(A) to contain a strict specificity requirement under which:

---

1. The regulation provides that "[t]he Board may summarily dismiss any appeal or portion of any appeal in any case in which: (A) [t]he party concerned fails to specify the reasons for the appeal on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith."

[i]t is ... insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied.... Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and *where the dispute is on the facts, there should be a discussion of the particular details contested.*

*Toquero,* 956 F.2d at 195 (quoting *Matter of Valencia,* Interim Decision No. 3006, 2–3 (BIA 1986) (emphasis in *Toquero* ) (citation omitted)). We have twice approved the BIA's rigorous standard of specificity, stating that the Notice of Appeal must " 'inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why.' " *Toquero,* 956 F.2d at 195 (quoting *Reyes–Mendoza v. I.N.S.,* 774 F.2d 1364, 1365 (9th Cir.1985)).

█ Contrary to Petitioner's contention, the grounds for appeal listed on Form EOIR–26 fell short of the BIA's specificity standard. Instead of providing " 'a discussion of the particular details contested,' " demonstrating how the evidence established a well-founded fear of persecution and why the IJ erred, Petitioner's Notice of Appeal contained only bald "generaliz[ations] and conclusory statements about the proceedings before the IJ." *Toquero,* 956 F.2d at 195 (quoting *Matter of Valencia* at 3).

**B**

█ Turning now to Petitioner's due process claim, we conclude that Castillo–Manzanarez did not receive constitutionally adequate notice that his appeal could be summarily dismissed. The relevant precedents before us are *Toquero* and *Padilla–Agustin.*

In *Toquero,* we cautioned the INS about the inadequacy of the Notice of Appeal forms used in immigration cases, noting that because the instructions on the forms are "less than clear," "[m]ore definite instructions may be necessary before an appeal is dismissed with prejudice on procedural grounds." *Toquero,* 956 F.2d at 197; *see also Escobar–Ramos v. I.N.S.,* 927 F.2d 482, 484 (9th Cir. 1991) ("Form I–290A, the Notice of Appeal to the BIA, contains the potential for misleading the unwary.").[2] Nonetheless, we declined to hold in *Toquero* that the petitioner's due process rights were violated by the BIA's dismissal procedures, and affirmed summary dismissal of the appeal. *Toquero,* 956 F.2d at 197.

Our holding was based on the fact that the case did not turn on the "clarity of the [Notice of Appeal form] instructions" alone, but instead depended upon an inquiry into the actions of petitioner's counsel. *Id.* at 196–97. Crucial to our analysis in *Toquero* were the following facts: (1) counsel for Petitioner failed to file a supporting brief after indicating that he would do so and (2) counsel failed to respond to the INS's brief, which argued for dismissal based on the Notice of Appeal's lack of specificity. *Id.* at 196. We concluded under those circumstances that the BIA was entitled to "assume that Petitioner had either abandoned his appeal or could not explain the deficiency." *Id.* Given that "Petitioner and his counsel *were on notice* that the BIA would exercise its power to summarily dismiss the appeal," counsel's failure to file a brief "justified the BIA's actions, and weaken[ed] any contention that the procedures [at issue in that case] violated due process." *Id.* at 196–97 (emphasis added).

This case is different. In *Toquero,* the INS's motion to summarily dismiss the appeal based on lack of specificity provided notice to the petitioner of the BIA's strict specificity standard. In the instant case, although Petitioner failed to submit a brief after indicating on Form EOIR–26 that he would do so,[3] the record does not show that

---

**2.** The Notice of Appeal form at issue in *Toquero* (Form I–290A) is "almost identical" to Form EOIR–26, which Castillo–Manzanarez used. *Padilla–Agustin,* 21 F.3d at 975 & n. 1.

**3.** An amendment to 8 C.F.R. § 3.1(d)(1–a), effective January 13, 1994, allows the BIA to summarily dismiss an appeal where a petitioner indicates on Form EOIR–26 "that he or she will file

the INS filed a brief arguing for dismissal based on insufficient specificity, which would have put Petitioner on notice of the potential for summary dismissal of his appeal. For this reason, we conclude that this case is more appropriately controlled by *Padilla–Agustin*, where we held that the pro se petitioner's due process rights were violated by the "concatenation of EOIR–26, the BIA's strict Notice of Appeal requirements, and the failure to give any advance warning before an appeal is dismissed." *Padilla–Agustin*, 21 F.3d at 977.

All three factors are present in the instant case. Both *Padilla–Agustin* and the present case involve Form EOIR–26, the BIA continues to maintain a strict specificity standard, and Petitioner, unlike Toquero, received no notice that failure to adhere to the BIA's rigorous specificity requirements could result in summary dismissal.[4]

The government argues that *Padilla–Agustin*'s holding applies only to pro se petitioners. We disagree that *Padilla–Agustin* requires such a narrow interpretation. Our reference to pro se petitioners in that case only highlighted the *particular* importance of "a high degree of clarity" in the appeal process where an alien is unrepresented and has "language difficulties."[5] *Padilla–Agustin*, 21 F.3d at 976. Contrary to the government's contention, our view of the importance of clear instructions did not hinge upon Padilla–Agustin's pro se status. The government's position is therefore without merit. For the foregoing reasons, we grant the petition for review.[6]

---

[4] a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(1–a)(E) (1995). Even assuming that the amendment states a constitutionally adequate ground upon which to base a summary dismissal, we note that the regulation did not become effective until almost four years after Castillo–Manzanarez filed his Notice of Appeal. Thus, contrary to the government's contention, the amendment does not govern the outcome of this case.

[4] In *Padilla–Agustin*, we took note of a case in which the Tenth Circuit upheld the BIA's summary dismissal of an appeal where the IJ "informed [the petitioner] of his right to appeal and emphasized the need to provide specific reasons

Petition for review of the decision to dismiss **GRANTED**.

in the Notice of Appeal." *Padilla–Agustin*, 21 F.3d at 976 (quoting *Nazakat v. I.N.S.*, 981 F.2d 1146, 1149 (10th Cir.1992)). We express no opinion as to whether this type of advance warning by the IJ is constitutionally adequate. Even assuming that it is adequate, no such notice was provided in the instant case.

[5] Castillo–Manzanarez was represented by counsel, but his "language difficulties" were such that he was provided with an interpreter at his deportation hearing.

[6] We do not consider the merits of Petitioner's claim that he established a well-founded fear of persecution. To do so would "effectively eliminate one tier of administrative review." *Townsend v. I.N.S.*, 799 F.2d 179, 182 (5th Cir.1986).