73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edgar Leonel FRANCO-MORALES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70332.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 29, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgar Leonel Franco Morales, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals summarily dismissing his appeal from a decision of an immigration judge denying his request for asylum and withholding of deportation. The BIA dismissed the appeal pursuant to 8 C.F.R. Sec. 3.1(d)(1-a)(i)(A) on the ground that Morales failed to specify the reasons for his appeal. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we deny the petition for review.
 
 
 3
 Morales' notice of appeal, submitted by counsel, stated precisely:
 
 
 4
 Respondent has showed by unconverted clear and convincing evidence that he has meet his burden to qualify for 208(c) and 243(h) relief. The judge error in deeming the evidence not credible and denying 208(c) and 243(h) relief.
 
 
 5
 It is believed that evidence presented did demonstrated that Respondent has a well founded fear of persecution based on his membership to a particular social group. In addition we appeal the grant of voluntary departure for less than 30 days and that the Judge order voluntary departure for June 21, 1993.
 
 
 6
 Morales also checked a box on the form indicating that he would file a separate written brief or statement, but no brief was ever submitted.
 
 
 7
 We have previously approved the BIA's rigorous standard of specificity in applying Sec. 3.1(d)(1-a)(i)(A). See Castillo-Manzanarez v. INS, 65 F.3d 793, 795 (9th Cir.1995). Here, the notice of appeal fell short of that standard. Instead of providing " 'a discussion of the particular details contested,' demonstrating how the evidence established a well-founded fear of persecution and why the immigration judge erred, Petitioner's Notice of Appeal contained only bald 'generalizations and conclusory statements about the proceedings before the IJ.' " Id. (quoting Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992)).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3