76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo Wilmer DIAZ-SOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70039.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 30, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ricardo Wilmer Diaz-Soza, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from an Immigration Judge's ("IJ") order denying him asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we grant the petition for review.
 
 
 3
 We review the BIA's summary dismissal of an appeal for lack of specificity to determine whether the dismissal was appropriate. See Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994).[1] We will uphold the BIA's summary dismissal under 8 C.F.R. § 3.1(d)(1-a)(i)(A) when the applicant has failed to " 'inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why.' " Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992) (quoting Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985)).
 
 
 4
 Diaz-Soza contends that the BIA erred by summarily dismissing his appeal because (1) his notice of appeal was sufficiently specific to withstand summary dismissal; and (2) the BIA's summary dismissal procedures violated his Fifth Amendment right to procedural due process. These contentions have merit.
 
 
 5
 Here, the BIA stated that Diaz-Soza had "in no meaningful way identified the basis of [his] appeal from the decision of the immigration judge." Diaz-Soza, however, provided more than a generalized and conclusory statement about the proceedings before the IJ. See Toquero, 956 F.2d at 195. Specifically, Diaz-Soza stated in his notice of appeal that the IJ erred because "[t]he persecution [he] suffered ... at the hands of the Sandinistas was the result of differences of political opinion, and was not a personal dispute." Diaz-Soza also claimed that the IJ failed to consider the fact that "the Sandinistas still control major parts of Nicaraguan society and [that he] risks great bodily harm if he returns to Nicaragua." We believe that these statements adequately informed the BIA of what aspects of the IJ's decision were allegedly incorrect and why. See id. Because Diaz-Soza "clearly identified which pieces of evidence [were] in contention," id., he did not leave the BIA guessing at how and why he thought the IJ had erred. Thus, we conclude that the BIA erred by summarily dismissing Diaz-Soza's appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i)(A) for lack of specificity. Cf. id. at 195-96.
 
 
 6
 Moreover, Diaz-Soza's second contention has merit. Here, Diaz-Soza did not receive notice that his appeal could be summarily dismissed by the BIA, because the government's brief did not seek summary dismissal. See Castillo-Mansanarez v. INS, 65 F.3d 793, 795-96 (9th Cir.1995). Thus, we conclude that the BIA's summary dismissal of Diaz-Soza's appeal violated his Fifth Amendment procedural due process rights. See id.
 
 
 7
 We deny Diaz-Soza's request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), because he has not prevailed on the substantive merits in this petition. See Escobar v. Bowen, 857 F.2d 644, 645 (9th Cir.1988).
 
 
 8
 PETITION FOR REVIEW GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not decide the applicable standard to review the BIA's summary dismissal because we conclude that the BIA's decision cannot withstand scrutiny under either an abuse of discretion or a de novo standard. See Castillo-Mansanarez v. INS, 65 F.3d 793, 794 (9th Cir.1995)