81 F.3d 169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro PALACIOS-BERRIOS; Moises Palacios-Berrios, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70563.
 United States Court of Appeals, Ninth Circuit.
 Argued Dec. 7, 1995.
Submission Deferred Dec. 11, 1995.
Submitted Dec. 28, 1995. Dissenting Opinion of Circuit
Judge Fletcher March 21, 1996.
Decided March 26, 1996.
 
 Petition to Review an Order of the Board of Immigration Appeals, I & NS Nos. Atm-yfl-evi, Ajd-rjw-veu;
 BIA
 REVIEW DENIED.
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pedro and Moises Palacios-Berrios, two brothers from El Salvador ("petitioners"), seek review of the Board of Immigration Appeals ("BIA") order denying their motion to reopen their deportation proceeding. The motion to reopen requested the BIA to reconsider their application for asylum, their request for withholding of deportation, and their request for voluntary departure.
 
 
 3
 The respondent, the Immigration and Naturalization Service ("INS"), instituted deportation proceedings against the petitioners on April 2, 1992. The petitioners admitted they were deportable, but requested asylum and withholding of deportation. Following a hearing held on August 26, 1992, the immigration judge concluded that the petitioners' fear of persecution was not credible, and denied the application for asylum and the application for withholding of deportation. However, the immigration judge ordered that the petitioners be given the privilege of voluntary departure. The petitioners timely appealed to the BIA, but the appeal was summarily dismissed on January 28, 1993, because the petitioners' attorney had not identified the basis of the appeal, since no brief had been filed. The petitioners moved to reopen the proceedings, which was denied by the BIA on June 30, 1994. Petitioners filed for review in this court on September 19, 1994.
 
 
 4
 The petitioners contend that this court has jurisdiction to review both the BIA's dismissal of the appeal, dated January 28, 1993, and the BIA's order denying reopening of the proceedings, dated June 30, 1994. Under 8 U.S.C. § 1105a(a)(1), a petition for judicial review may be filed no later than 90 days after the issuance of a final deportation order. Therefore, only the BIA's June 30, 1994 order denying reopening of the proceedings is reviewable by this court. See Caruncho v. I.N.S., 68 F.3d 356, 359-60 (9th Cir.1995).
 
 
 5
 The petitioners argue that their prior counsel's representation was ineffective because he failed to file an appellate brief to the BIA and he failed to notify them of the summary dismissal of the appeal. Although petitioners' attorney's failure to file a brief on their behalf to the BIA is a significant defect, the petitioners have not established prejudice resulting from this omission. The petitioners have not established that anything in the brief would have changed the decision on asylum or withholding of deportation. See Ramirez-Durazo v. I.N.S., 794 F.2d 491, 500, 501 (9th Cir.1986).
 
 
 6
 The petitioners argue that they were prejudiced by their prior counsel's failure to notify them of the summary dismissal because they lost the privilege of voluntary departure. The INS has advised this court that it will reinstate voluntary departure for 120 days. Therefore, the issue of prejudice resulting from this omission is rendered moot.
 
 
 7
 The petition for review is DENIED.
 
 FLETCHER, Circuit Judge, dissenting:
 
 8
 I dissent. The majority concludes that although petitioners' attorney's failure to file a brief on their behalf to the BIA is a significant defect, petitioners have not established prejudice resulting from this omission. To the contrary, the kind of prejudice that is at issue in this case has been established. Petitioners do not contend that counsel was ineffective at the original hearing; they claim counsel was ineffective in the first appeal to the BIA by failing to submit a brief and then by failing to inform petitioners of the BIA's adverse decision so they could appeal to the Ninth Circuit. Because of counsel's ineffectiveness, their appeal was summarily dismissed and they lost their chance to appeal to the Ninth Circuit. This loss of appeal rights to both the BIA and to the Ninth Circuit constitutes the "prejudice."
 
 I.
 
 9
 We can't say whether the BIA would have given relief on the merits, but we can say petitioners were deprived of a review on the merits. In Ramirez-Durazo v. INS, 794 F.2d 491, 500 (9th Cir.1986), the court found no prejudice from counsel's failure to file a brief because the BIA reviewed the record on the merits anyway, and the petitioner presented no evidence that anything counsel would have added would have changed the decision. By contrast, here the BIA did not review the record on the merits but instead summarily dismissed the appeal. Nor did the BIA review the record and determine the merits of petitioners' appeal in the context of the motion to reopen. Thus, petitioners were prejudiced by counsel's ineffectiveness. They were denied a meaningful opportunity to litigate the issues on appeal by their counsel's failure to file a brief. See Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979) (suggesting that denial of "a meaningful opportunity to litigate the issues ... on appeal" constitutes prejudice).
 
 II.
 
 10
 Petitioners were also prejudiced by their counsel's failure to notify them of the Board's summary dismissal. This caused them to lose their right to timely appeal to the Ninth Circuit. And, had they appealed the summary dismissal, they would have won. In Castillo-Manzanarez v. INS, 65 F.3d 793 (9th Cir.1995), the court granted a petition for review under identical facts. The petitioner's counsel filled out a notice of appeal (Form EOIR-26, as in the instant case, see Administrative Record at 118), stated very briefly the grounds for appeal, checked the box stating he would submit a brief on appeal, but never filed a brief. The BIA summarily dismissed the appeal. The Ninth Circuit reversed, stating that the notice-of-appeal form did not give adequate notice that such actions would result in summary dismissal. Thus, if petitioners had timely appealed the BIA's summary dismissal of their appeal in the instant case, they would have succeeded in having the dismissal reversed and the appeal reinstated to allow the filing of a brief and consideration on the merits.
 
 III.
 
 11
 Whether petitioners would have won their appeal before the BIA is not the issue; for this court to decide whether petitioners would have succeeded on their appeal in the context of deciding prejudice would "effectively eliminate one tier of administrative review." Castillo-Manzanarez v. INS, 65 F.3d at 796 n. 6. That petitioners lost their right to review of the merits of their appeal is sufficient prejudice. I would grant the petition for review and direct the BIA to reopen petitioners' deportation proceedings to permit the filing of an appellate brief and full consideration of the appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3