83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alejandro Cesar RUIZ-CASTILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70862.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1996.*
Decided April 18, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and McKIBBEN, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 The threshold question in this case is the adequacy of petitioner Alejandro Ruiz-Castillo's notice of appeal to the Board of Immigration Appeals ("BIA"). See Vargas v. Immigration and Naturalization Serv., 831 F.2d 906, 907-08 (9th Cir.1987) (holding that court of appeals has no jurisdiction to decide issues not raised before BIA). Reviewing the BIA's determination de novo, see United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824 (1984), we hold that the notice of appeal was adequate, and reverse the BIA's dismissal of Ruiz-Castillo's appeal.
 
 
 4
 At the close of Ruiz-Castillo's deportation hearing, the immigration judge ("IJ") denied his applications for asylum and withholding of deportation. The IJ found key portions of Ruiz-Castillo's testimony inconsistent and incredible. Then, accepting other, less compelling portions of Ruiz-Castillo's testimony as true, the IJ denied relief from deportation on the merits. Ruiz-Castillo filed a notice of appeal to the BIA, challenging the IJ's determination that he had failed to demonstrate a well-founded fear or clear probability of persecution. The BIA dismissed Ruiz-Castillo's appeal, without reaching the merits, on the ground that he had failed to appeal from the IJ's adverse credibility finding.
 
 
 5
 We hold that the BIA erred in dismissing Ruiz-Castillo's appeal on this ground. The IJ's credibility finding was pivotal to his decision to deny relief, not a discrete issue that required specific mention in the notice of appeal.[1] This court has recently admonished the BIA for holding asylum applicants' notices of appeal to strict specificity requirements while also requiring applicants to use standard form notices of appeal and failing to notify applicants of the possibility of summary dismissal for lack of specificity. See Padilla-Agustin v. Immigration and Naturalization Serv., 21 F.3d 970, 975-77 (9th Cir.1994); Castillo-Manzanarez v. Immigration and Naturalization Serv., 65 F.3d 793, 796 (9th Cir.1995).
 
 
 6
 The petition for review is GRANTED. We VACATE the BIA's dismissal of Ruiz-Castillo's appeal and REMAND for review of the merits of his applications for asylum and withholding of deportation, including a review of the IJ's credibility finding.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Ruiz-Castillo's notice of appeal was adequate to give the BIA fair notice that the IJ's adverse credibility finding was at issue, we note that the notice--which was prepared and filed by counsel, not the petitioner himself--is not a model of clarity