91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maritza Maria MIRANDA-ALMANDAREZ; German Giovanni
Salamanca-Miranda, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70823.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 17, 1996.
 
 Before: CHOY, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maritza Maria Miranda-Almandarez and German Giovanni Salamanca-Miranda petition for review from the BIA's summary dismissal of their appeal from an immigration judge's denial of their application for asylum and withholding of deportation. Petitioners raise two due process claims: (1) that the BIA provided insufficient notice that their appeal might be summarily dismissed, and (2) that they received ineffective assistance of counsel. We deny the petition for review.
 
 Factual and Procedural Background
 
 3
 Petitioners entered the United States without inspection on December 4, 1988. Shortly after entry, petitioners applied for asylum with the Immigration and Naturalization Service ("INS"). The INS denied petitioners' applications for asylum and commenced deportation proceedings.
 
 
 4
 On February 20, 1991, petitioners appeared with their former counsel, David Pasternak, before an immigration judge ("IJ"). Petitioners admitted deportability and requested asylum and withholding of deportation. After a hearing, the IJ denied asylum and withholding of deportation.
 
 
 5
 Petitioners, through former counsel Pasternak, filed a Notice of Appeal Form (EOIR-26) with the Board of Immigration Appeals ("BIA"). The form listed three bases for appeal:
 
 
 6
 1. The Immigration Judge misconstrued and misinterpreted the evidence presented.
 
 
 7
 2. The Immigration Judge applied incorrect legal standards in evaluating Respondent's application.
 
 
 8
 3. The Immigration Judge grounded his decision on an incorrect assessment of current conditions in Nicaragua.
 
 
 9
 Although Mr. Pasternak checked a box on the Notice of Appeal indicating that a separate written brief or statement would be filed, no brief or statement was ever filed.
 
 
 10
 On June 26, 1991, the INS filed a Memorandum in Opposition to the appeal. The INS argued that petitioners' appeal should be dismissed because "the Notice of Appeal fail[ed] to adequately set forth meritorious grounds for the Board of Immigration Appeals to consider." Mr. Pasternak did not respond to this Memorandum. On October 20, 1994, the BIA summarily dismissed petitioners' appeal pursuant to 8 C.F.R. § 3.1(d)(1-a)(i) on the ground that petitioners failed to adequately state their reasons for appeal.
 
 
 11
 The petitioners filed a timely petition for review pursuant to 8 U.S.C. § 1105a(a). On November 1, 1995, a three-judge panel of this court (Judges Beezer, D.R. Thompson, and T.G. Nelson) granted the petition. The INS petitioned for rehearing arguing that the panel improperly relied on Castillo-Manzanarez v. INS, 65 F.3d 793 (9th Cir.1995). On April 12, 1996, the petition for rehearing was granted (Judges Beezer, D.R. Thompson, and T.G. Nelson) and the disposition filed on November 1, 1995 was vacated. We now turn to the merits.
 
 Discussion
 
 12
 I. The BIA did not deprive the petitioners of due process by summarily dismissing their appeal.
 
 
 13
 The BIA may summarily dismiss an appeal where "the party concerned fails to specify the reasons for his appeal." 8 C.F.R. § 3.1(d)(1-a)(i) (1991).[1] The BIA interprets this regulation strictly.
 
 
 14
 Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.
 
 
 15
 Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992) (quoting Matter of Valencia, Int.Dec. No. 3006 (BIA 1986)).
 
 
 16
 An alien must receive notice before the BIA may dismiss an appeal for lack of specificity. In Toquero, we warned the INS about the inadequacy of the Notice of Appeal Form. "[W]e believe the instructions on the Notice of Appeal are less than clear ... The instructions do not set out ... the specificity standard used by the BIA in deciding to summarily dismiss an appeal on this ground." Id. at 197. Nonetheless, in Toquero, we refused to hold that the alien's right to due process was violated by the summary dismissal. Id. Two facts were crucial to our holding: (1) counsel for the alien failed to file a supporting brief after indicating that he would do so, and (2) counsel failed to respond to the INS's brief which argued for summary dismissal due to lack of specificity. Id. at 197; Castillo-Manzanarez, 65 F.3d at 795. Under these facts, we wrote: "When counsel for Petitioner did not submit a brief as promised, and then did not respond to the government's brief, the BIA could reasonably assume that Petitioner had either abandoned his appeal or could not explain the deficiency." Toquero, 956 F.2d at 196.
 
 
 17
 The two facts crucial in Toquero are present here. Petitioners' former counsel (1) failed to file a written brief after indicating that he would do so, and (2) failed to respond to the INS's brief which argued for summary dismissal. The INS's brief provided notice to the petitioners that their appeal might be summarily dismissed. The brief argued:
 
 
 18
 Respondents' unbriefed appeal should be summarily dismissed because the Notice of Appeal fails to adequately set forth meritorious grounds for the Board of Immigration Appeals to consider.
 
 
 19
 Since no written brief has been submitted by the respondents on appeal, and the Notice of Appeal [Form] contains only boilerplate generalities, no basis exists upon which to find the immigration judge made any error of fact or law. See 8 C.F.R. §§ 3.1(d)(1-a)(i)(iv) and 242.21.
 
 
 20
 (Footnote omitted). Toquero is controlling; petitioners received adequate notice that their appeal might be summarily dismissed.
 
 
 21
 Petitioners' reliance on Padilla-Agustin v. INS is misplaced. 21 F.3d 970 (9th Cir.1994). Padilla-Agustin is distinguishable because in that case the alien received no "advance warning" of the summary dismissal. Id. at 977. Castillo-Manzanarez v. INS is also distinguishable for the same reason. 65 F.3d at 796. Castillo-Manzanarez reiterated the rule that an INS brief arguing for summary dismissal provides sufficient notice to an alien as to satisfy due process. "In Toquero, the INS's motion to summarily dismiss the appeal based on lack of specificity provided notice to the petitioner of the BIA's strict specificity standard." Id. at 795.
 
 
 22
 In conclusion, the summary dismissal did not violate petitioners' right to due process.
 
 
 23
 II. We lack jurisdiction to review the ineffective assistance of counsel claim.
 
 
 24
 An alien must first present an ineffective assistance of counsel claim to the BIA. "Because the BIA is fully competent to address this question, we hold that [petitioner] must first make a motion to reopen, with new counsel, if necessary, citing ineffective assistance of counsel as his reason for failing to raise the claim earlier." Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995). Thus, petitioners must present this claim to the BIA through a motion to reopen.
 
 
 25
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We quote from the 1991 version of 8 C.F.R. § 3.1(d)(1-a)(i) upon which the BIA relied. The current version of this regulation differs in no material respects. See 8 C.F.R. § 3.1(d)(1-a)(i)(A) (1995)