98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonardo BRAVO-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70446.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1996.*
Decided Oct. 2, 1996.
 
 1
 Petition for Review of a Decision of the Board of Immigration Appeals, No. Avw-dct-oqt.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: CANBY and FERNANDEZ, Circuit Judges, and JONES, District Judge.**
 
 
 5
 MEMORANDUM***
 
 
 6
 Leonardo Bravo-Lopez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) summarily dismissing his appeal from a decision of an Immigration Judge which denied his application for suspension of deportation pursuant to 8 U.S.C. § 1254. We deny the petition.
 
 
 7
 1. "The [BIA] may summarily dismiss any appeal or portion of any appeal in any case in which ... [t]he party concerned fails to specify the reasons for the appeal on [the notice of appeal]." 8 C.F.R. § 3.1(d)(1-a)(i)(A). The BIA has interpreted the specificity requirement as establishing a rigorous standard, Matter of Valencia, 19 I & N Dec. 354, 355 (BIA 1986), and we have agreed, Castillo-Manzanarez v. INS, 65 F.3d 793, 795 (9th Cir.1995); Toquero v. INS, 956 F.2d 193, 195 (9th Cir.1992); Reyes-Mendoza v. INS, 774 F.2d 1364, 1365 (9th Cir.1985).
 
 
 8
 In his notice of appeal, Bravo, through his counsel, made a brief general statement regarding the grounds. He also checked the box on the form which stated that he was not "filing a separate written brief or statement," but he then wrote in that he reserved his right to do so. However, Bravo failed to file a separate brief or statement.
 
 
 9
 In Toquero, we held that an alien, who was denied discretionary relief from deportation because he failed to demonstrate extreme hardship, failed to specify the reason for his appeal to the BIA where he did not include " 'a discussion of the particular details contested.' " Toquero, 956 F.2d at 195 (quoting Matter of Valencia, 19 I & N Dec at 355) (emphasis omitted). Bravo's notice of appeal suffers from the same infirmity. While Bravo stated that the IJ erred and listed factors in his favor, he failed to describe "how the evidence established extreme hardship and why the IJ erred." See id. (emphasis in original). Thus, because Bravo's notice of appeal failed to satisfy the BIA's specificity requirements, it was a proper for the BIA to dismiss his appeal. See § 3.1(d)(1-a)(i)(A); Castillo-Manzanarez, 65 F.3d at 795; Toquero, 956 F.2d at 195; Reyes-Mendoza, 774 F.2d at 1365.
 
 
 10
 2. Although we determine that Bravo failed to specify the reasons for his appeal to the BIA, we must still examine the BIA's procedure to ensure that Bravo's due process rights were not violated. See, e.g. Castillo-Manzanarez, 65 F.3d at 795; Padilla-Agustin v. INS, 21 F.3d 970, 977 (9th Cir.1994), overruled on other grounds, Stone v. INS, --- U.S. ----, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); Toquero, 956 F.2d at 196.
 
 
 11
 We have previously held that "due process requires that aliens who seek to appeal be given a fair opportunity to present their cases." Padilla-Agustin, 21 F.3d at 978; see also Castillo-Manzanarez, 65 F.3d at 796; cf. Toquero, 956 F.3d at 196-97.
 
 
 12
 Following Bravo's appeal, the INS filed an opposition in which it moved to dismiss Bravo's appeal based in part on Bravo's failure to meet the specificity requirements. Bravo failed to respond to the opposition and the motion to dismiss.
 
 
 13
 The opposition to the appeal and the motion to dismiss placed Bravo on notice that his notice of appeal may be found deficient and that his appeal could be summarily dismissed because of the deficiency. See Toquero, 956 F.2d at 196-97; cf. Castillo-Manzanarez, 65 F.3d at 795-96. Therefore, Bravo received notice and a chance to respond before his appeal was summarily dismissed. Nothing more was required to satisfy due process. Cf. Padilla-Agustin, 21 F.3d at 978.
 
 
 14
 PETITION DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3