107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sukchan SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70371.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 19, 1996.
Decided Feb. 26, 1997.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and JONES* District Judge.
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 Sukchan Singh petitions for review of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from an immigration judge's decision denying his requests for asylum and withholding of deportation. We deny the petition.
 
 II.
 
 4
 Because the parties are familiar with the facts of this case, we do not review them here. The BIA based its summary dismissal on the fact that Singh's attorney, after having indicated on the notice of appeal that he would file a written brief or statement in support of Singh's appeal, failed to do so, as required by 8 C.F.R. 3.1(d)(1-a)(i)(E).[1] Singh argues that such summary dismissal without advance notice violated due process.
 
 
 5
 We reject the argument because Singh did not lack notice. The government's brief requested summary dismissal on the ground that Singh had not filed a brief. As we explained in comparable circumstances in Toquero v. INS, 956 F.2d 193 (9th Cir.1992):
 
 
 6
 When counsel for Petitioner did not submit a brief as promised, and then did not respond to the government's brief, the BIA could reasonably assume that Petitioner had either abandoned his appeal or could not explain the deficiency [in the notice of appeal]. Petitioner and his counsel were on notice that the BIA would exercise its power to summarily dismiss the appeal. Thus, counsel's failure to act justified the BIA's actions, and weakens any contention that the procedures used in this case violated due process.
 
 
 7
 Id. at 196-97.
 
 
 8
 Toquero controls the disposition of this case. The government stated at the beginning of its brief to the BIA: "Given that Respondent Singh has failed to file an opening brief within the time set for doing so, this appeal should be summarily dismissed pursuant to 8 C.F.R. § 3.1(d)." That statement certainly put Singh on notice that his appeal could be summarily dismissed if he did not file a brief or at least explain his failure to do so.[2] Singh filed nothing further. The BIA's summary dismissal of Singh's appeal, therefore, did not violate due process.[3]
 
 III.
 
 9
 Singh also argues that the BIA erroneously determined that his notice of appeal failed to specify adequately the reasons for the appeal. We do not reach that issue, however, having concluded that the BIA did not violate due process when it summarily dismissed Singh's appeal for failure to file a brief after having indicated that he would do so.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The regulation provides that the Board of Immigration Appeals may summarily dismiss an appeal where a petitioner indicates on Form EOIR-26 "that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." 8 C.F.R. § 3.1(d)(1-a)(i)(E)
 
 
 [2]
 The notice contained in the government's brief differentiates this case from Castillo-Manzanarez v. INS, 65 F.3d 793 (9th Cir.1995), where the appellant before the BIA was faced with a confusing notice of appeal form, strict specificity requirements for the notice of appeal, and no warning in the government brief that the appeal should be summarily dismissed for lack of specificity in the notice of appeal. See id. at 795-96; see also Padilla-Augustin v. INS, 21 F.3d 970, 977 (9th Cir.1994)
 
 
 [3]
 Our conclusion that the government's brief and reference to the regulation were sufficient to put Singh on notice makes it unnecessary for us to address the government's argument that the regulation alone is sufficient notice to an appellant represented by counsel