**Rosheni DEVI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–71010.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2003.[*]

Decided June 5, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: HAWKINS and W. FLETCHER, Circuit Judges, and KING,** Senior District Judge.

MEMORANDUM ***

Rosheni Devi, an Indian woman from Fiji,[1] sought asylum and withholding of removal or, in the alternative, voluntary departure, based on sexual assaults and violence she and her family were subjected to by native Fijians on account of her family's ethnicity and her support of the National Federation Party, an organization that works to secure rights for Indians living in Fiji. The Immigration Judge (the "IJ"), finding her testimony not credible, denied her petition. She appealed this denial to the Board of Immigration Appeals (the "BIA"). The BIA issued a summary denial of her appeal after she failed to file a supporting brief.

Devi now petitions this court for review of that denial. She claims that she did not receive adequate notice of the deadline for her brief and that the IJ's failure to explain appellate procedures as well as her counsel's failure to file the brief constitute "extraordinary circumstances." We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the transition rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). We deny her petition for review.

When Devi filed her notice of appeal, using "Form EOIR–26 Revised April 1996," she checked box six on the form, representing that she would file a separate written brief or statement. The form included an explicit warning that the appeal would be subject to summary dismissal if Devi failed to file a separate brief after having marked the box stating that she would do so. Devi asserts that after she filed the form, Rama Hira Lal, an immigration consultant, instructed her to sign it and "sit tight and wait [for] the decision of the Board of Immigration Appeals." At her 1997 asylum hearing, Devi was repre-

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9TH CIR. R. 36–3.

1. Devi's sons were parties in the request for asylum below but are not parties to this petition.

sented by Leon Rountree,[2] an attorney whom she met through Lal. Rountree has since resigned from the California Bar with charges pending against him, and Lal has been arrested on immigration-related charges. It is not clear when Rountree stopped representing, Devi, but Devi alleges that Lal continued to advise her through the appeal to the BIA. Devi is represented by new counsel on this appeal.

By letter dated October 13, 1998, the BIA informed Devi that her brief was due on November 12, 1998. Shortly after the due date passed with no additional submission from Devi, the INS moved for summary dismissal of her appeal. This motion was served on Devi, but she did not respond.

■ In these circumstances, the BIA did not err in summarily dismissing the appeal pursuant to 8 C.F.R. § 3.1(d)(2)(i). Devi's initial notice of appeal filed with the BIA was not sufficient to substitute for a brief, *see, e.g., Castillo–Manzanarez v. INS*, 65 F.3d 793, 795 (9th Cir.1995), and the notice that Devi received with regard to the summary dismissal was sufficient to satisfy due process requirements. *See Torquero v. INS*, 956 F.2d 193, 196 (9th Cir.1992).

■ Devi asserts that her failure to file her appeal brief or statement was due to the ineffective assistance of her immigration consultant as well as her former attorney. The proper method of raising Devi's ineffective assistance of counsel claim is a motion to reopen before the BIA. Absent this exhaustion of administrative remedies, we lack jurisdiction over her ineffective assistance claim. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000); *Matter of Lozada*, 19 I. & N. Dec. 637,

1988 WL 235454 (BIA), *aff'd sub nom. Lozada v. INS*, 857 F.2d 10 (1st Cir.1988).

Although we intimate no view on the merits of Devi's claim, as the merits are not before us, we note that this court recently issued an opinion involving the IJ who heard Devi's petition, in which the court rejected the IJ's stated reasons for finding the testimony of the applicant implausible. *See He v. Ashcroft*, 328 F.3d 593, 603 (9th Cir.2003) (noting that the IJ "was impatient, hostile, and hectoring in his questions, and he was careless and unjustified in his conclusions").

PETITION DENIED.

---

**2.** The attorney's name is spelled "Rountree" in the state bar records. It is spelled "Roundtree" in the transcript of the hearing before the IJ.

