NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLORIA ESTELA RECINOS-ULLOA;
KEVIN ADONAY RIVERA-RECINOS,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-72003

Agency Nos. A208-566-896
A208-566-895

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 16, 2022
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,**
District Judge.

Gloria Recinos-Ulloa ("Recinos-Ulloa") and Kevin Rivera-Recinos ("Rivera-

Recinos") seek review of the Board of Immigration Appeals ("BIA") decision

dismissing their appeal of the Immigration Judge's ("IJ") denial of protection under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review both the BIA and IJ decisions under the substantial evidence standard. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). We review de novo "issues of law regarding CAT claims," *see Garay Reyes v. Lynch*, 842 F.3d 1125, 1140 (9th Cir. 2016), including claims that due process was violated, *see Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

Substantial evidence supports the agency's conclusion that Recinos-Ulloa did not present particularized evidence that, upon returning to El Salvador, she would likely face torture, with the acquiescence or willful blindness of a public official. Recinos-Ulloa has not suffered torture in the past in El Salvador, *see Alcaraz-Enriquez v. Garland*, 13 F.4th 848, 857 (9th Cir. 2021), and she has failed to show a sufficient likelihood of future torture *with the acquiescence of public officials*, *see Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019). The threats that police apparently made to others are too attenuated and vague to clear the significant bar to compel a contrary conclusion, and Recinos-Ulloa testified that she never contacted government officials about the threats, due to her "distrust" of the authorities. Evidence of general government ineffectiveness in preventing torture, or evidence of general violence or crime in a petitioner's country of origin, does not show that the petitioner is likely to be tortured with the acquiescence of the government. *See B.R. v. Garland*, 2022 WL 534349, at *12–14 (9th Cir. 2022).

2

Rivera-Recinos is in a different position than his mother. Unlike his mother, Rivera-Recinos testified that soldiers and, repeatedly, the police, beat him with batons and guns, apparently on behalf of the gang. This gives him a stronger CAT claim (i.e., because of the potential acquiescence of public officials). Yet Rivera-Recinos did not file his own CAT application, believing instead that his claim would be included as a derivative of his mother's application. The IJ did not disabuse Rivera-Recinos of this notion and then denied Recinos-Ulloa's CAT application without addressing Rivera-Recinos's circumstances. The IJ never advised Rivera-Recinos (or his mother) that there is no derivative CAT relief and that Rivera-Recinos needed to submit his own application in order to properly apply for CAT relief.

An IJ's failure to advise an immigrant of "apparent eligibility" to apply for relief is a due process violation. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1263 (9th Cir. 2013); *see also* 8 C.F.R. § 1240.11(a)(2). The IJ's obligation comes into play only where the immigrant has "a 'plausible ground' for that potential relief." *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1016 (9th Cir. 2013). This was the case here, as Rivera-Recinos's testimony established plausible grounds for CAT relief. *Cf. C.J.L.G. v. Barr*, 923 F.3d 622, 628 (9th Cir. 2019) (en banc). The IJ knew (or should have known) that Rivera-Recinos mistakenly believed he was applying for the CAT relief for which he was plausibly eligible.

Implicit in the IJ's obligation to inform Rivera-Recinos of his "apparent eligibility" was an obligation to inform him of the "requirements [he] must meet" to properly avail himself of his apparent eligibility. *Martinez-De Bojorquez v. Ashcroft*, 365 F.3d 800, 804 (9th Cir. 2004). An IJ violates an immigrant's due process right where the IJ informs the immigrant of his "apparent eligibility" in such a way that the immigrant "never ha[s] a genuine opportunity to apply for" relief. *United States v. Melendez-Castro*, 671 F.3d 950, 954 (9th Cir. 2012) (en banc). The IJ's obligation to inform an immigrant of "apparent eligibility" exists regardless of whether the immigrant is represented by counsel. *Moran-Enriquez v. INS*, 884 F.2d 420, 422–23 (9th Cir. 1989); *see also Castillo-Manzanarez v. INS*, 65 F.3d 793, 796 (9th Cir. 1995). Thus, the IJ erred in failing to inform Rivera-Recinos that there is no derivative CAT relief and that he needed to submit his own application. For the reasons explained above, we grant Rivera-Recinos's petition and remand for a new hearing. *Cf. C.J.L.G.*, 923 F.3d at 628.

**PETITION GRANTED as to RIVERA-RECINOS and DENIED as to RECINOS-ULLOA.**