**Antonio CASAS–CHAVEZ; Clementina Avila–Espinoza, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 00–71558.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2002.

Filed Aug. 20, 2002.

Veronica L. Burris Valentine, Las Vegas, NV; Charles E. Nichol, San Francisco, CA, for the petitioners.

Patrick Shen, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for the respondent.

Before LAY,\* FERGUSON and TALLMAN, Circuit Judges.

## OPINION

LAY, Circuit Judge.

Antonio Casas–Chavez and Clementina Avila–Espinoza, husband and wife, are natives and citizens of Mexico. The Immigration and Naturalization Service (INS) issued Orders to Show Cause on January 16, 1997, charging Petitioners as deportable pursuant to INA § 241(a)(1)(B), 8 U.S.C. § 1251(a)(1)(B) (1994) (entering without inspection). Petitioners admitted the allegations and conceded deportability. In September 1998, an immigration judge denied the applications for suspension of deportation on the grounds that Casas–Chavez did not meet the requirement of seven consecutive years of physical presence in the United States, and because Avila–Espinoza failed to demonstrate "extreme hardship" as required for relief. The immigration judge allowed Petitioners to voluntarily depart in lieu of deportation.

Following the immigration judge's decision, Petitioners, with the aid of counsel, filed a timely Notice of Appeal with the Board of Immigration Appeals (BIA). In the Notice of Appeal, Petitioners specified their reasons for appeal, and also indicated they would file a separate brief supporting their argument. The BIA instructed Petitioners that their brief would be due on or before March 18, 1999. Petitioners' former counsel requested an extension of that date, and was granted until April 8, 1999, to file a brief. No brief was ever filed. On October 23, 2000, the BIA summarily dismissed Petitioners' appeal for failure to file a brief, pursuant to 8 C.F.R. § 3.1(d)(2)(i)(D).[1]

We have jurisdiction under former § 106 of the INA, 8 U.S.C. § 1105a(a) (1994). *See* Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) § 309(c)(4), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996); *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). This court has not specifically articulated a standard for reviewing summary dismissals. *Castillo–Manzanarez v. INS,* 65 F.3d 793, 794(9th Cir.1995). Instead, the court reviews summary dismissals to determine whether they are appropriate. *Id.*

Section 3.1(d)(2)(i), sets out the conditions under which the BIA may summarily dismiss appeals. The specific regulation at issue in this case reads as follows:

(i) The Board may summarily dismiss any appeal or portion of any appeal in any case in which:

(A) The party concerned fails to specify the reasons for the appeal on Form EOIR–26 or Form EOIR–29 (Notices of Appeal) or other document filed therewith;

. . .

(D) The party concerned indicates on Form EOIR–26 or Form EOIR–29

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. The INS never argued for dismissal based on failure to file a brief. *See Castillo–Manza-* *narez v. INS,* 65 F.3d 793, 795 (9th Cir.1995). The INS' brief before the BIA simply stated that "the Immigration and Naturalization Service adopts the decision of the Immigration Judge."

that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing. . . .

8 C.F.R. § 3.1(d)(2)(i) (2001). The BIA found the failure to file a brief necessitated the summary dismissal of the appeal.

■ The BIA employs a strict specificity requirement when evaluating the notice of reasons for appeal. *See, e.g., Castillo–Manzanarez*, 65 F.3d at 795. The notice requirement has been outlined as follows:

It is . . . insufficient to merely assert that the immigration judge improperly found that deportability had been established or denied. . . . Where eligibility for discretionary relief is at issue, it should be stated whether the error relates to grounds of statutory eligibility or to the exercise of discretion. Furthermore, it should be clear whether the alleged impropriety in the decision lies with the immigration judge's interpretation of the facts or his application of legal standards. Where a question of law is presented, supporting authority should be included, and where the dispute is on the facts, there should be a discussion of the particular details contested.

*Toquero v. INS*, 956 F.2d 193, 195 (9th Cir.1992) (quoting *Matter of Valencia*, Interim Decision No. 3006 (BIA 1986) (emphasis omitted) (citation omitted)). The purpose of this strict notice requirement is to ensure that "the Board [is not] left guessing at how and why petitioner thought the court erred." *Id.* (internal citation and quotations omitted).

■ The notice sought under the regulation can be accomplished in one of two ways: by setting out the reasons on the Notice of Appeal itself or by filing a separate brief. *See, e.g., Vargas–Garcia v. INS*, 287 F.3d 882, 886 (9th Cir.2002). As a result, no longer does the requirement of specificity look to whether a brief was filed. *See id.; Castillo–Manzanarez*, 65 F.3d at 796 (finding there was not specificity, but not citing to a lack of filing of a brief); *Toquero*, 956 F.2d at 195 (upholding the BIA's dismissal because the petitioner failed to state with sufficient specificity the grounds for the appeal in his Notice of Appeal, failed to file a brief, and failed to respond to the government's brief arguing for summary dismissal); *cf. Martinez–Zelaya v. INS*, 841 F.2d 294, 296 (9th Cir.1988) ("We have held that summary dismissal by the BIA is appropriate **if** an alien submits no separate written brief or statement to the BIA **and** inadequately informs the BIA of 'what aspects of the IJ's decision were allegedly incorrect and why.' ") (citing *Reyes–Mendoza v. INS*, 774 F.2d 1364, 1364–65 (9th Cir. 1985)) (emphasis added). Thus, there is an underlying assumption in the regulation that both requirements need not be satisfied as long as sufficient notice is conveyed to the BIA.[2]

■ Therefore, the Petitioners articulated reasons for appealing the immigration judge's ruling on suspension for deporta-

---

**2.** If this were not true, the constitutionality of the regulation would be called into question on the basis of denial of due process. *See Almendarez–Torres v. United States*, 523 U.S. 224, 237, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) ("As Justice Holmes said long ago: A statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.") (internal citation and quotations omitted). "The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.' " *Mathews v. Eldridge*, 424 U.S. 319, 348, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Joint Anti–Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 171–172, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring)). In the

tion as set forth in the Notice of Appeal must be examined to determine whether it contained the requisite specificity, in spite of the Petitioners' failure to file a brief.[3] *See Toquero*, 956 F.2d at 195. Petitioners directed the BIA's attention to specific portions of the immigration judge's opinion as well as to evidence supporting their interpretation that the immigration judge erred in not suspending deportation proceedings. *See id.; see also Padilla–Agustin v. INS*, 21 F.3d 970, 976 (9th Cir.1994), *overruled on other grounds by Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Petitioners articulated interpretation was also supported by authority. *See Escobar–Ramos v. INS*, 927 F.2d 482, 484 (9th Cir.1991) (indicating that the strict level of specificity necessary to avoid summary dismissal includes citation to supporting authority). In so doing,

Petitioners satisfied the BIA's strict specificity requirement. *See Castillo–Manzanarez*, 65 F.3d at 795 ("We have twice approved the BIA's rigorous standard of specificity, stating that the Notice of Appeal must inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why.") (citations and internal quotations omitted); *Toquero*, 956 F.2d at 196 (holding the Notice of Appeal must "indicate which facts were in contention and how the IJ misinterpreted the evidence"); *Reyes–Mendoza v. INS*, 774 F.2d 1364, 1365 (9th Cir.1985) (holding the Notice of Appeal must "inform the BIA of what aspects of the IJ's decision were allegedly incorrect and why").

In conclusion, Petitioners' satisfaction of the specificity requirement, despite the failure to file a brief as indicated, is sufficient to prevent the summary disposition

---

context of deportation proceedings, "due process requires that aliens who seek to appeal be given a fair opportunity to present their cases." *Padilla–Agustin v. INS*, 21 F.3d 970, 978 (9th Cir.1994), *overruled on other grounds by Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). When petitioner establishes the ground for appeal with sufficient clarity on the Notice of Appeal form, the mere failure to file a brief after indicating one would be filed may not be a constitutionally sufficient rationale for dismissing an alien's appeal without considering the merits. *See Castillo–Manzanarez*, 65 F.3d at 796 n. 3.

3. Petitioners' stated reasons for appealing the immigration judge's decision were as follows:

Respondents respectfully appeal the decision of the immigration judge.

The immigration judge abused his discretion by holding that the male respondent was statutorily ineligible for suspension of deportation due to a voluntary departure order in 1996. When respondent was returned to Mexico in 1996 under an administrative voluntary departure order, however, he was prima facia eligible for suspension of deportation pursuant to Sec. 244(a) of the INA, 8 USC Sec. 1254(a). The government's deportation of respon-

dent under an order of administrative voluntary departure constituted "bad faith and prejudice." *U.S. v. Ramirez–Jimenez*, [sic] 967 F.2d 1321 (9th Cir.1992). The government had an obligation to interview respondent and to advise him of any relief for which he was eligible at the time of his arrest and deportation in 1996.

Respondents further appeal the decision of the immigration judge because the immigration judge abused his discretion by failing to consider all relevant facts bearing on extreme hardship and by failing to consider all of the relevant factors in the aggregate. *Matter of Ige*, 1994 WL 520996, Int. Dec. # 3230 (BIA 1994), *Dulane v. INS*, 46 F.3d 988, 994–96 (10th Cir.1995). The immigration judge committed reversible error by failing to consider the aggregate hardship to respondents' extensive family members in the United States who are lawful permanent residents and United States citizens, including three U.S. citizen children, lawful permanent resident parents, and many lawful permanent resident and U.S. citizen siblings.

The findings of the court are against the great weight of the evidence and fail the substantial evidence test. 8 USC § 1105(a)(4).

. . . .

of the appeal because it provided the BIA with the requisite notice, and should have resulted in the BIA addressing the merits of the appeal.[4] We therefore grant the petition and remand to the BIA for consideration of the merits of Petitioners' claims.

REMANDED.

---

4. Disposition of this case must be squared with the mission of the BIA: "to provide fair and timely immigration adjudications and authoritative guidance and *uniformity in the interpretation* of the immigration laws." *See* 64 FR 56135–01, 56136 (1999) (emphasis added).

