**Ales Abercio GALINDO–AMADOR, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Ashcroft, Respondents.**

**Docket No. 02–4139.**

United States Court of Appeals, Second Circuit.

Aug. 7, 2003.

---

Bruno Joseph Bembi, Hempstead, N.Y., for Petitioner.

Michael R. Holden, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Kathy S. Marks, Gideon A. Schor, Assistant United States Attorneys, on the brief), New York, N.Y., for Respondents.

PRESENT: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Ales Abercio Galindo–Amador petitions for review of the Bureau of Immigration Appeals ("BIA") March 26, 2002 order denying Galindo's motion for reconsideration of a BIA order, dated January 23, 2002, summarily dismissing his appeal from a decision issued by an immigration judge ("IJ") ordering him removed to Honduras. We find that the BIA did not abuse its discretion in denying Galindo's motion for reconsideration.

After the IJ ordered Galindo removed to Honduras, petitioner Galindo submitted a Notice of Appeal (Form EOIR–26) of the IJ decision on which he indicted that he would file a brief. The BIA form included a warning in bold typeface that if a petitioner indicated that he would file a brief but failed to do so, his appeal could be summarily dismissed. Nonetheless, Galindo failed to file a brief and the BIA summarily dismissed his appeal on the basis of this failure. Galindo then moved for the BIA to reconsider its dismissal, arguing that his administrative notice of appeal described his claims with sufficient specificity to permit review in lieu of a brief.

In reviewing decisions of the BIA, we (1) defer to the BIA's factual findings if they are supported by substantial evidence, (2) apply *Chevron* deference to questions of immigration law, and (3) review other questions of law de novo. *See Qiu v. Ashcroft,* 329 F.3d 140, 148–49 (2d Cir. 2003).

Under 8 C.F.R. § 1003.1(d)(2)(i)(E) (formerly designated 8 C.F.R. § 3.1(d)(2)(i)(D)), the BIA is permitted to summarily deny an appeal if, among other reasons, "[t]he party concerned indicates on Form EOIR–26 ... that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing." The BIA thus had authori-

ty to deny Galindo's appeal under a strict reading of this provision.

Relying on the Ninth Circuit's decision in *Casas–Chavez v. INS*, 300 F.3d 1088 (9th Cir.2002), Galindo argues that the BIA should have considered his appeal notwithstanding his failure to file a brief because his notice of appeal identified the basis of his appeal. In *Casas–Chavez*, the Ninth Circuit held that the BIA may summarily dismiss an appeal for failure to file a brief only if the notice of appeal also inadequately informed the BIA of the basis of the appeal. *Id.* at 1090. We need not consider whether to follow *Casas–Chavez* because in the instant case Galindo did not identify the basis of his appeal with sufficient specificity.

> BIA regulations require that a petition must: specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified. Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

8 C.F.R. § 1003.3(b) (2003).

In this case, Galindo's notice of appeal provides only a bare and partial sketch of the basis for his appeal. Galindo's substantial evidence claim is not adequately specific because he fails to point to any facts in the record. With respect to Galindo's claim that the IJ applied "an incorrect legal standard," the case Galindo cites, *INS v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), is not a "supporting authority" for his position. Although Galindo mentions the United Nations Convention Against Torture, he fails to explain how the standard allegedly utilized under the convention differs from that used by the BIA or to provide authority for why that standard should apply. Thus, Galindo's notice of appeal fails to specifically explain the legal error he alleges. We therefore find that the BIA did not abuse its discretion in summarily dismissing Galindo's appeal.

For the foregoing reasons, the judgment of the Board of Immigration Appeals is **AFFIRMED**.