**Samvel TERTERIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70941.

Agency No. A75–483–884.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2003.

Decided Aug. 20, 2003.

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Samvel Terterian ("Terterian") appeals the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from the decision of the Immigration Judge denying him asylum and withholding of removal. The BIA dismissed Terterian's appeal for failure to file a brief or statement in support of his appeal, after Terterian checked Box 6 on the Notice of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appeal, Form EOIR–26. We affirm the BIA's dismissal and deny the petition.

The Board of Immigration Appeals may summarily dismiss an appeal if "[t]he party ... indicates on Form EOIR–26 ... that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so." 8 C.F.R. § 1003.1(d)(2)(i)(E). Terterian checked the box indicating he would file a brief in support of his appeal, yet failed to do so.

So long as "sufficient notice is conveyed to the BIA" by the reasons set out on the Notice of Appeal, a brief need not be filed in order to meet the requirement of specificity in 8 C.F.R. § 1003.1(d)(2)(i)(E). *Casas–Chavez v. INS*, 300 F.3d 1088, 1090 (9th Cir.2002). Summary dismissal is appropriate only if the alien does not adequately inform the BIA of what aspects of the immigration judge's decision were incorrect and why. On the notice of appeal Terterian wrote that he had suffered past persecution on account of his on account of his race, religion, nationality, and political beliefs, having been detained and beaten; that he had a well-founded fear of future persecution; and that he feared for his life if he returned to Armenia.

Form EOIR–26 does not set forth the specificity standards by which the BIA decides appeals. We look to *Vargas–Garcia v. INS*, 287 F.3d 882, 885–86 (9th Cir.2002), to determine if Terterian articulated his reasons for appeal with sufficient specificity. Like Vargas, Terterian appealed pro se. Nonetheless we may distinguish this case from *Vargas–Garcia* on the basis that Terterian did not, like Vargas, cite to specific portions of the record, nor did he provide a legal standard by which the BIA should review the immigration judge's decision.

On the basis of the summary dismissal, we may infer the Board decided the grounds of appeal were not sufficiently detailed in the notice of appeal so that the BIA could determine "how and why petitioner thought the court had erred." *Toquero v. INS*, 956 F.2d 193, 195 (9th Cir. 1992) (citation omitted). We cannot say the BIA abused its discretion in so determining. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 820–21 (9th Cir.2003).

PETITION DENIED.