**Arturo Vargas CHELUCA, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–70756.**

**Agency No. A75–509–939.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2003.

Decided Sept. 8, 2003.

J. Jack Artz, Esq., South Pasadena, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM *

Arturo Vargas Cheluca ("Cheluca"), a native and citizen of Mexico, appeals the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal from the decision of the immigration judge denying him cancellation of removal under 8 U.S.C. § 1229b, INA § 240A(b)(1)(D). We affirm the BIA's dismissal and deny the petition.

The BIA may summarily dismiss an appeal if "[t]he party ... indicates on Form EOIR–26 ... that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so." 8 C.F.R. § 1003.1(d)(2)(i)(E). Cheluca indicated he would file a timely written brief, but failed to do so.

Cheluca waived the issue of the BIA's summary dismissal by failing to raise it in his opening brief. *Collins v. City of San Diego,* 841 F.2d 337, 339 (9th Cir.1988). Nonetheless we may exercise our discretion to review the issue because the government briefed it, and therefore suffers no prejudice from Cheluca's failure to raise the issue properly. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003).

So long as "sufficient notice is conveyed to the BIA" by the reasons set out on the Notice of Appeal, a brief need not be filed in order to meet the requirement of specificity in 8 C.F.R. § 1003.1(d)(2)(i)(E). *Casas–Chavez v. INS,* 300 F.3d 1088, 1090 (9th Cir.2002). The Notice of Appeal on EOIR Form 26 stated that the immigration judge "abused his discretion when he failed to continue the case of [Cheluca] along with the cases of his parents.... If the Immigration Judge had waited until the hearing of his parents' case, then

[Chleuca] would have had the qualifying relatives and would have been eligible for the relief applied for." The Notice of Appeal stated adequate factual and legal grounds to raise the issue of whether the immigration judge abused his discretion. The BIA was not left "guessing at how and why petitioner thought the court had erred." *Toquero v. INS,* 956 F.2d 193, 195 (9th Cir.1992) (citation omitted).

From the BIA's statement that "upon review of the record, we are not persuaded that the Immigration Judge's ultimate resolution of this case was in error," we may infer the BIA addressed the merits of Cheluca's case. There was no abuse of discretion in the BIA's summary dismissal. The immigration judge acted within his authority to deny Cheluca cancellation of removal after finding he had no qualifying relatives as required by INA § 240A(b)(1)(D).

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.