**Conrado Leoncio Acierto MARIANO III; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–70720.

Agency Nos. A73–416–211, A73–416–210, A73–416–209, A73–416–208, A73–416–207.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.**

Decided Sept. 16, 2003.

Conrado Leoncio Conrado Leoncio, Acierto Mariano III, III, pro se, Daly City, CA, Rhoda Wilkinson Domingo, Esq., Law Office of Rhoda Domingo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, William Campbell Erb, Jr., Attorney, Mary Jane Candaux, Esq., Washington, DC, for Respondent.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM ***

Conrado Leoncio Acierto Mariano III, his ex-wife Teresita G. Mariano, and their

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The Attorney General of the United States is the proper respondent in a petition for review of an order of removal. *See* 8 U.S.C. § 1252(b)(3)(A). The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument, *see* Fed. R.App. P. 34(a)(2), and we deny Petitioners' request for oral argument.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

three children, natives and citizens of the Philippines, petition for review of an order of the the Board of Immigration Appeals' ("BIA") dismissing their appeal from an immigration judge's ("IJ") denial of their application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review BIA's summary dismissal of an appeal to ensure it is appropriate. *Casas–Chavez v. INS,* 300 F.3d 1088, 1089 (9th Cir.2002). We deny the petition.

The BIA's summary dismissal of the Marianos' appeal was appropriate because they failed to specify adequately the reasons for the appeal or file a supplemental brief despite indicating they would do so, and the notice of appeal form provided adequate notice that dismissal was a possible sanction for noncompliance. *See* 8 C.F.R. § 3.1(d)(2)(i) (2001); *Toquero v. INS,* 956 F.2d 193, 195 (9th Cir.1992).

We lack jurisdiction to consider Conrado Mariano's challenges to the IJ's decision denying asylum and withholding of deportation because they were not raised before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000).

Likewise, we cannot reach Teresita Mariano's ineffective assistance of counsel and due process claims because they were not first presented to the BIA. *See id.*

We have not considered the exhibits attached to Teresita Mariano's briefs because they are not part of the administrative record. *See* Fed. R.App. P. 10.

PETITION DENIED.