**Maria Rosa GARCIA DE CASTILLO; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74041.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 19, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioners.

District Director, Office of the District Counsel, San Diego, CA, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Maria Rosa Garcia de Castillo, a native and citizen of Mexico, on behalf of herself and her two United States citizen minor children, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of her motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo a claim of a due process violation, *Hartooni v. INS,* 21 F.3d 336, 339 (9th Cir.1994), and we grant the petition for review.

Petitioner contends that she was denied due process when the BIA affirmed the IJ's reissued decision without first providing Garcia de Castillo the opportunity to respond to it. Petitioner's contention has merit.

"The essence of due process is the requirement that a person in jeopardy of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

serious loss be given notice of the case against him and opportunity to meet it." *Casas–Chavez v. INS*, 300 F.3d 1088, 1090 n. 2 (9th Cir.2002). The BIA denied petitioner due process by affirming the IJ's reissued decision without providing petitioner an opportunity to brief the specific issues raised by the complete decision, which were not a part of the initial decision. *See Singh v. INS*, 340 F.3d 802, 806 (9th Cir.2003) (due process violation where BIA denied petitioner opportunity to address IJ's reason for denying relief).

Accordingly, we vacate and remand to the BIA to set a briefing schedule to file a brief with the BIA regarding the IJ's reissued decision.

**PETITION FOR REVIEW GRANTED.**