Rafik PATATANYAN;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–74082.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2004.*

Decided Feb. 11, 2004.

Asbet A. Issakhanian, Glendale, CA, for Petitioners.

Rafik Patatanyan, Glendale, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James R. Grimes, Esq., Victor M. Lawrence, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: REINHARDT, THOMPSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Rafik Patatanyan, his wife Loreta Garibyan, and their children Edgar and Vahe Patatanyan, petition for review of the denial of their motion to reopen and reconsider. We grant the petition, reverse, and remand to the Board of Immigration Appeals ("BIA") for further proceedings.

In December 2000, Rafik Patatanyan filed a Notice of Appeal (Form EOIR–26), on behalf of himself and his family, contesting the Immigration Judge's ("IJ") de-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nial of their application for asylum, withholding of removal, and protection under the Convention Against Torture on the ground that they had suffered persecution in Armenia for their Evangelical Christian beliefs. On Form EOIR–26, Rafik Patatanyan filled in the box indicating that he would file a separate written brief in support of the appeal.

The BIA notified the Patatanyans that their brief was due on June 18, 2001. In April 2002, the BIA summarily dismissed the Patatanyans' appeal because they did not file a brief within the deadline "or reasonably explain [their] failure to do so." 8 C.F.R. § 1003.1(d)(2)(i)(E). The BIA also determined that it could not hear the Patatanyans' appeal in the absence of a brief because they did not state with specificity on Form EOIR–26 their reasons for contesting the IJ's decision. *See Casas–Chavez v. INS,* 300 F.3d 1088, 1090–91 (9th Cir.2002).

Rafik Patatanyan filed a pro se motion to reopen and reconsider the BIA's summary dismissal, as well as a supporting affidavit. He explained that he failed to file a brief because he was suffering from psychological stress, depression, and insomnia, experiencing panic attacks, and taking medication to treat these ailments. He also attributed his failure to his misinterpretation of the notice that the family received from the BIA and his difficulties with the English language.

In a two-paragraph per curiam opinion, the BIA provided the following explanation for denying the motion:

> Initially, we note that the record reflects that on May 18, 2001, the Board sent the respondents a copy of the Immigration Judge's decision, a copy of the transcript, and a briefing schedule which informed the respondents that a brief must be received at the Board on or before June 18, 2001. The respondent failed to submit a brief by this deadline. Furthermore, the lead respondent has failed to submit any medical documentation in support of his assertions that he was suffering from depression and insomnia at the time he received the briefing schedule.

We review the BIA's denial of the Patatanyans' motion to reopen and reconsider for abuse of discretion. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002). The BIA abuses its discretion if it "fails to state its reasons and show proper consideration of *all* factors when weighing equities and denying relief." *Arrozal v. INS,* 159 F.3d 429, 432 (9th Cir.1998) (quoting *Watkins v. INS,* 63 F.3d 844, 849 (9th Cir.1995)).[1]

The BIA's statement that the Patatanyans received notice of the deadline appears to be a response to the petitioners' contention that the failure to submit a timely brief was due, in part, to misinterpretation and language difficulties. Given the content of the notice, the BIA did not abuse its discretion in determining that this reason did not constitute a basis for granting the motion.

We reach an opposite conclusion with respect to petitioners' contention that Rafik Patatanyan's depression, insomnia, panic attacks, and other illnesses for which he was receiving medical treatment prevented the filing of a timely brief. The BIA rejected Rafik Patatanyan's psychological ailments as a basis for granting the motion because the petitioners failed to provide

---

1. Even if the Patatanyans' brief does not provide specific authorities to support the contention that the BIA's denial was an abuse of discretion, the Government suffers no prejudice because it briefed the issue. Moreover, our failure to review might result in manifest injustice. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003).

supporting medical documentation. The BIA does not cite any authority for this corroborative evidence requirement, nor does the Government's brief. Although the relief that the Patatanyans seek does not perfectly track the standards set forth in 8 C.F.R. § 1003.2 for either a motion to reopen or a motion to reconsider, these regulations have not been interpreted to require corroborative evidence in addition to a credible affidavit. *Celis–Castellano v. Ashcroft*, 298 F.3d 888 (9th Cir.2002). In *Ghadessi v. INS*, we held that the BIA erred when it denied a motion to reopen "by simply noting the absence of independent corroborating evidence and failing to give *any* consideration to the substance of [the petitioner's] allegations in her affidavit." 797 F.2d 804, 807 (9th Cir.1986). Here, the BIA made the same mistake.[2]

Accordingly, we grant the petition for review. The BIA decision does not offer any reason other than the lack of medical documentation for doubting that Rafik Patatanyan's psychological ailments provide a sufficient explanation for the family's failure to file a brief, and therefore, a legitimate justification for granting the motion to reopen and reconsider. Moreover, although we do not rely on it here, the material attached to the Patatanyans' separate motion for a stay of removal reveals that they did possess documentation of Rafik Patatanyan's medical treatment. We remand to the BIA pursuant to *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) so that it may consider the Patatanyans' motion to reopen and reconsider on the merits.[3]

**PETITION GRANTED; REMANDED FOR FURTHER PROCEEDINGS.**

---

2. Requiring medical documentation here also raises *due process* concerns because the Patatanyans did not have prior notice. *Celis–Castellano*, 298 F.3d at 891; *Singh v. INS*, 213 F.3d 1050, 1053 (9th Cir.2000).

3. We also lack jurisdiction to review the BIA's order dismissing the underlying appeal because the Patatanyans did not file a timely petition for review of that decision. *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1994); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

