Srinivas VADDEMPUDI, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70846.
Agency No. A75–566–836.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

R.App. P. 34(a)(2).

Srinivas Vaddempudi, pro se, Lexington, SC, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Phoenix, AZ, Nancy E. Friedman, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Srinivas Vaddempudi, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims concerning immigration proceedings. *Antonio–Cruz v. INS,* 147 F.3d 1129, 1131 (9th Cir.1998). We deny the petition for review.

■ Vaddempudi's contention that he was not given an opportunity to submit a brief to the BIA because the BIA failed to send him notice of the briefing schedule, failed to respond to his request to file a late brief, and failed to mail him its final decision, does not state a due process violation because his notice of appeal to the BIA effectively set forth six alleged errors in the IJ's decision, his appeal to this Court does not contain any issue not mentioned in his notice of appeal to the BIA, he failed to submit a brief to the BIA within the four week extension that he sought or during the course of the many months that followed before the BIA issued its decision, he provided no explana-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion for these failures, and the BIA's decision was based on the IJ's substantive decision under 8 C.F.R. § 1003.1(a)(7) rather than a summary dismissal under § 1003.1(d)(2)(i)(E). *See Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1999) ("BIA must provide a petitioner with a reasonable opportunity to offer an explanation of any perceived inconsistencies that form the basis of a denial of asylum."); *Casas Chavez v. INS,* 300 F.3d 1088, 1090 (9th Cir.2002) (notice of reasons for appeal "can be accomplished in one of two ways: by setting out the reasons on the Notice of Appeal itself or by filing a separate brief."); *Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002) (requirement to show prejudice for due process violation).

█ Vaddempudi's contention that he is eligible to adjust his status is not properly before this Court because he failed to raise the issue before the BIA and there is no final order for this Court to review. *See Rashtabadi v. INS,* 23 F.3d 1562, 1567 (9th Cir.1994); *see also* 8 U.S.C. §§ 1252(b)(4)(A), 1252(b)(9). We therefore deny Vaddempudi's motion to remand to the IJ to adjust his status.

█ Vaddempudi's contention that the BIA's summary affirmance under the "streamlining" provisions of 8 C.F.R. § 1003.1(a)(7) violates due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

Vaddempudi's remaining contentions are without merit.

**PETITION DENIED and MOTION TO REMAND DENIED.**