**Miguel Angel RAMIREZ–TOVAR;
Claudia Ramirez–Rojas,
Petitioners,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 02–70938.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Patrick Shen, Margaret K. Taylor, U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Miguel Angel Ramirez–Tovar and his wife Claudia Ramirez–Rojas, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary dismissal under 8 C.F.R. § 3000.1(d)(2)(i) of their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's summary dismissal for failure to file a brief to determine whether it was appropriate. *Vargas–Garcia v. INS,* 287 F.3d 882, 884 (9th Cir.2002). We grant the petition, and remand for further proceedings.

Summary dismissal was not appropriate because Petitioners' Notice of Appeal sufficiently specified their grounds for appeal. *See Casas–Chavez v. INS,* 300 F.3d 1088, 1090–91 (9th Cir.2002) (holding that the notice of appeal to the BIA met the specificity requirement where petitioner directed the BIA's attention to specific portions of the IJ's opinion and included supporting authority); *see also* 8 C.F.R. § 3000.1(d)(2)(i) (formerly 8 C.F.R. § 3.1(d)(2)(i)).

Because the BIA's summary dismissal was not appropriate, we remand to the BIA for further proceedings for a decision on the merits of Petitioners' asylum and withholding of removal claim. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs on appeal.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW GRANTED.**