**Gulbarg SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–70582, A75–294–809.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2004.\*\*

Decided June 7, 2004.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Anthony W. Norwood, Esq., DOJ—

---

1. The motion to set case for oral argument has been rendered moot.

\* We sua sponte amend the caption to reflect that Attorney General John Ashcroft is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice, Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Petitioner seeks review of the Board of Immigration Appeal's ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under § 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) (1995) (repealed), as modified by the transitional rules set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRI-RA"), Pub.L. No. 104–208, 110 Stat. 3009 (1996). We deny the petition.

██ All of the substantive arguments in Petitioner's brief are devoted to addressing the merits of his applications for asylum and withholding of deportation. However, the BIA never considered these arguments; rather, Petitioner's appeal was summarily dismissed because he failed to file a brief after indicating the intention to do so on his Notice of Appeal. *See Singh v. Ashcroft,* 361 F.3d 1152, 1156–57 (9th Cir.2004). Petitioner offers us no reason to overturn the summary dismissal of his appeal and issues not raised in an appellant's opening brief are typically deemed waived. *Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir. 1996). Nevertheless, we have discretion to review the appropriateness of the BIA's summary dismissal because the government briefed it and thus suffers no prejudice from Petitioner's failure to properly raise the issue before this court. *Koerner v. Grigas,* 328 F.3d 1039, 1048–49 (9th Cir.2003).

██ In addition to Petitioner's failure to file a brief, his Notice of Appeal to the BIA was not sufficiently specific to avoid summary dismissal. *See Toquero v. INS,* 956 F.2d 193, 195 (9th Cir.1992); *accord Casas–Chavez v. INS,* 300 F.3d 1088, 1090 (9th Cir.2002). Thus, we agree that summary dismissal of Petitioner's appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E) (formerly 8 C.F.R. § 3.1(d)(2)(i)(D)) was appropriate. *See Singh,* 361 F.3d at 1157.

Because this case arises under the IIRI-RA's transitional rules and the BIA granted Petitioner 30 days to depart voluntarily from the United States, Petitioner will have 30 days from the issuance of our mandate to so depart. *See Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.