**Narinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**Nos. 03–71539, 02–70843.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided April 27, 2005.

■

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, James E. Grimes, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Narinder Singh ("Singh"), a citizen of India and a Punjabi Sikh, challenges two Board of Immigration Appeals ("BIA") decisions. One summarily dismissed his direct appeal from the IJ's adverse ruling on his asylum claim, and denied his motion to remand for consideration of his claim under the Convention Against Torture ("CAT"); the other denied his motion to reconsider the BIA's denial of his motion to reopen on the basis of ineffective assistance of counsel.

Singh testified that he was involved in Sikh separatist politics and was victimized by local police for his political beliefs before he left the country. He testified to several encounters with the police, including incarceration and torture. The IJ discounted Singh's testimony on credibility grounds and changed country conditions, and denied his petition.

Singh's former counsel filed a Notice of Appeal with a boilerplate statement of reasons for appeal and noted that a brief would be separately filed. That brief, due March 27, 1998, was filed late on April 14, 1998 and was not accepted by the BIA. While that appeal was pending, Singh also filed a motion to remand for consideration of his case under CAT, which had become effective as a form of relief for aliens in the United States in the intervening period following Singh's hearing. On March 29, 2002, the BIA summarily dismissed Singh's appeal of the IJ's decisions on his asylum and withholding applications, on the basis that he did not meet the requirements set out in 8 C.F.R. § 3.1(d)(2)(I) for specificity of reasons for appeal. In the same decision, the BIA denied Singh's motion to remand to allow him to apply for protection under CAT.

Singh also filed a motion to reopen with the BIA on June 14, 2002, alleging that ineffective assistance of counsel caused his failure to obtain relief before the BIA. He contended that his former counsel's failure to timely file a brief in support of his appeal to the BIA, after promising to do so, constituted ineffective assistance. The BIA denied this motion for failure to satisfy the procedural requirements laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

On January 20, 2003, Singh filed a motion to reconsider the BIA's denial of his motion to reopen, in which he addressed only the merits of the March 29, 2002 order summarily dismissing his direct appeal, and not the December 20, 2002 order denying his motion to reopen on the basis of ineffective assistance of counsel. The BIA denied Singh's motion to reconsider on March 11, 2003, noting that the motion did not address the order supposedly on appeal. The BIA also observed in a footnote that if the motion were instead construed as a motion to reconsider the March 29, 2002 order, it would be untimely and thus automatically denied under 8 C.F.R. § 1003.2(b), and that if it were construed as a motion to reopen, it would number-barred under 8 C.F.R. § 1003.2(c). Singh now appeals the BIA's March 11, 2003 denial of his motion to reconsider the BIA's denial of his motion to reopen (03–71539).

### I. The Summary Dismissal

■ While this court has overturned summary dismissals as inappropriate and as violating due process, summary dismissal was appropriate and constitutional under the circumstances of this case. Summary dismissals are reviewed to test whether they are "appropriate." *See, e.g.,*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Vargas–Garcia v. I.N.S.*, 287 F.3d 882, 884 (9th Cir.2002) (citing *Castillo–Manzanarez v. I.N.S.*, 65 F.3d 793, 794 (9th Cir.1995)). The BIA may summarily dismiss an alien's appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i), which provides:

> ... A single Board member or panel may summarily dismiss any appeal or portion of any appeal which:
>
> (A) The party concerned fails to specify the reasons for the appeal on Form EOIR–26 ... or any other document filed therewith:
>
> ...
>
> (E) The party concerned indicates on Form EOIR–26 or Form EOIR–29 that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing ...

8 C.F.R. § 1003.1(d)(2)(i). The BIA "employs a strict specificity requirement when evaluating the notice of reasons for appeal." *Casas–Chavez v. I.N.S.*, 300 F.3d 1088, 1090 (9th Cir.2002). The particular ground of decision alleged to be erroneous must be identified; if the error is in the interpretation of the facts, the contested details should be discussed; and if the error is in the interpretation of the law, supporting authority should be cited. *See, e.g., Toquero v. I.N.S.*, 956 F.2d 193, 195 (9th Cir.1992).

Singh's Notice of Appeal states simply: "The Immigration Judge committed errors of law and fact. The IJ improperly discredited Respondent's detailed testimony and failed to give it proper weight. There are other legal reasons which will be cited in the brief." As recounted above, Singh's former counsel did not file the brief within the time set for filing. In contrast to the Notice of Appeal in *Casas–Chavez*, which identified specific errors, cited case-law, and specified factors that the IJ should

have considered, Singh's Notice of Appeal contains little more than boilerplate language. 300 F.3d at 1091. Thus, under the applicable regulations and the relevant decisional law, summary dismissal was clearly appropriate.

## II. Motion to Remand for Consideration of CAT Claim

■ This court has held that "inability to state a cognizable asylum claim does not necessarily preclude relief under the Convention Against Torture." *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1280 (9th Cir.2001). "Country conditions alone can play a decisive role in granting relief under the Convention, and ... the Convention does not require that the prospective risk of torture be on account of certain protected grounds." *Id.* However, in this case, the BIA specifically looked at the country report; moreover, the changed conditions can only disfavor the petitioner. Since the time of the hearing, the party with which Singh was affiliated has gained mainstream political legitimacy, and has participated in and won elections for public office. While, in general, the BIA must not make the analytical mistake of assuming that inability to prove an asylum case is sufficient to conclude that a petitioner does not have a viable CAT claim, there was no error in denying the motion to remand under the circumstances of this case.

## III. Ineffective Assistance of Counsel Claim

■ The ultimate issue in this branch of Singh's circuitous procedural history, ineffective assistance of counsel, was asserted in Singh's original motion to reopen, denied by the BIA on December 20, 2002. In denying the motion to reconsider that order, the BIA correctly noted that Singh's present counsel completely failed to raise the content of the December 20,

2002 denial, or the ineffective assistance of counsel issue, in his Brief in Support of the Motion to Reconsider. We can not say that the BIA abused its discretion in denying the motion to reconsider when the brief in support failed to so much as mention the underlying issue, focusing instead upon the irrelevant issue whether summary dismissal (over a year prior to that motion) was appropriate. This court has stated that the "only supporting materials required for a motion to reconsider are a statement of the party's arguments regarding the BIA's alleged errors and 'pertinent authority.' It is implicit in subsection (b)(1) that the BIA will reconsider the party's case using the same record evidence used in making its prior decision." *Iturribarria v. I.N.S.*, 321 F.3d 889, 895 (9th Cir.2003). While this absolves Singh of the requirement to recount evidence that is already in the record, it does not absolve him of the requirement to state his "arguments regarding the BIA's alleged errors" and to point to "pertinent authority."

### IV. Conclusion

Insofar as the petition seeks reversal of the BIA's summary dismissal of Singh's direct appeal of the IJ's decision, the petition is denied. That part of the petition that seeks reversal of the BIA's denial of Singh's motion to remand for consideration of his CAT claim is denied. The ineffective assistance of counsel before the BIA caused a procedural default, but the whole record provides no sound reason to believe that if the BIA were to reopen the case to explore the question whether Singh was victimized by incompetent counsel, any substantial reason for relief would appear.

PETITION DENIED.