NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSARIO LUNA FLORES; ERIK ESTEBAN LOPEZ LUNA; CRISTOFER LOPEZ LUNA; MELVA ELIU BRAVO MORALES; ESTRELLA GUADALUPE LUNA BRAVO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-72950 <br><br> Agency Nos.    A215-820-208 <br> A215-820-209 <br> A215-820-210 <br> A215-817-606 <br> A215-817-607 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2023**
Pasadena, California

Before:  PARKER,*** BYBEE, and LEE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Petitioners, two adult mothers and their three minor children,[1] are Mexican nationals. They and six relatives sought asylum in the United States following an alleged attempt on the life of their relative, a candidate for public office in Mexico. Their petition requests review of an immigration judge's ("IJ's") denial of their motions for consolidation and to continue their deportation hearing, as affirmed by the Board of Immigration Appeals ("BIA" or "Board"). We have jurisdiction under 8 U.S.C. § 1252(a)(1); review the BIA's "factual findings for substantial evidence and legal questions de novo," *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted); and deny the petition.

Petitioners' opening brief states that they challenge two orders of the BIA: "its decision to ignore . . . Petitioners' properly raised interlocutory appeal [from denial of their motion for consolidation,] dated January 15, 2020," and "its decision on the merits[,] dated September 15, 2020." But that is not quite right. The BIA never decided the merits of Petitioners' non-removal petition. Its September 15 decision concerned their "appeal from [the IJ's] . . . den[ial] [of] their motion for continuance." Indeed, the Board noted that Petitioners "did not appeal the merits of the [IJ's] . . . decision[] [and] thus . . . ha[d] waived appeal of the denial of their applications for asylum and withholding of removal under

---

[1] Rosario Luna Flores is joined by her two sons, Erik Esteban Lopez Luna and Cristofer Lopez Luna; her sister-in-law, Melva Eliu Bravo Morales; and her niece, Estrella Guadalupe Luna Bravo.

2

sections 208 and 241(b)(3) of the Immigration and Nationality Act, . . . respectively, as well as the denial of their request for protection pursuant to the United States' obligations under the Convention Against Torture." *See In re R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012) (explaining that arguments not raised on appeal to the BIA may be deemed forfeited).

Petitioners *did*, to be fair, make some effort to dispute the IJ's decision on the merits before the BIA. In addition to their interlocutory appeal from denial of their motion for consolidation, they filed a separate form indicating that they wished to "appeal from the [IJ's] decision *in [a] merits proceeding*[] . . . dated 12/05/2019." To that end, they asserted that the IJ had "den[ied] [them, *inter alia*,] a reasonable request for consolidation . . . despite overwhelming good cause[,] . . . [their] right to a full and fair hearing[,] . . . [their] right to present evidence[,] . . . [and] the guarantees of procedural due process." However, Petitioners also checked a box indicating that they "intend[ed] to file a separate written brief or statement after filing this Notice of Appeal." A box immediately following this item, captioned with a "Warning" in bold and all caps and flagged with a large exclamation point, stated that checking that box meant Petitioners "w[ould] be expected to file a written brief or statement"—and that failure to do so would empower the "Board [to] summarily dismiss [the] appeal." The BIA found that

3

Petitioners did in fact fail to file a brief or statement in support of their appeal, and they do not disagree.

"A single Board member or panel may summarily dismiss any appeal . . . in which . . . [the petitioner] indicates on Form EOIR-26 . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement . . . within the time set for filing." *Nolasco-Amaya v. Garland*, 14 F.4th 1007, 1012 (9th Cir. 2021) (quoting 8 C.F.R. § 1003.1(d)(2)(i)). It is undisputed that Petitioners have failed to comply with Form EOIR-26. Although we reserve the right to "review de novo" the question of "whether [any] summary dismissal violated a petitioner's due process rights," *id.*, the open-textured grounds of appeal listed on Petitioners' form fall short of the specificity required under our case law. *Compare Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 820–21 (9th Cir. 2003) (denying a petition where petitioner "did not provide 'supporting authority' on any question of law presented[,] . . . . articulate how the IJ allegedly violated the pre-trial order [at issue in that case,] []or . . . specify what evidence was erroneously admitted as hearsay"), *and Toquero v. INS*, 956 F.2d 193, 196 (9th Cir. 1992) ("While the Notice correctly focused on the issue in contention, it did not indicate which facts were in contention and how the IJ misinterpreted the evidence."), *with Casas-Chavez v. INS*, 300 F.3d 1088, 1091 (9th Cir. 2002) (remanding to the BIA where "[p]etitioners['] [notice had] directed the BIA's

4

attention to specific portions of the immigration judge's opinion as well as to evidence supporting their interpretation that the [IJ] erred in not suspending deportation proceedings"). We further conclude that Petitioners' opening brief, which restates the vague allegations presented to the Board, does not state a substantial violation of their due process rights. Accordingly, we deny their petition for review.

**DENIED.**